UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER J. POWELL,              ) | |
|     Plaintiff,              ) | Civil Action No. 18-30146-MGM |
|                              ) | |
|     v.                      ) | |
|                              ) | |
| CITY OF PITTSFIELD, *et al.*,   ) | |
|     Defendants.             ) | |

REPORT AND RECOMMENDATION CONCERNING PLAINTIFF'S RULE 12(c)
REQUEST FOR JUDGMENT ON THE PLEADINGS
(Dkt. No. 276)

I.    Introduction

Before the court is plaintiff Walter J. Powell's Rule 12(c) Request for Judgment on the Pleadings (Plaintiff's Rule 12(c) Motion") by which Plaintiff seeks judgment in his favor against all defendants[1] on all claims in his amended complaint (Dkt. No. 158) on the basis that there are no genuine issues as to any of material facts in the amended complaint, which, he asserts, "were verified and corroborated with a plethora of contemporaneous documents and (exhibits) attached to the initial and Amended Federal Complaint"( Dkt. No 276 at 1).  The defendants oppose Plaintiff's Rule 12(c) Motion, arguing that: (1) the time is not ripe for a motion for judgment on the pleadings in that none of the defendants has filed an answer; and (2) Plaintiff has not shown that he is entitled to judgment based on undisputed facts (Dkt. Nos. 284, 286, 289, 290).  For the

---

[1] The defendants named in the amended complaint are the City of Pittsfield, Mayor Linda M. Tyer, Richard M. Dohoney, a city solicitor, former Mayor Edward M. Reilly (deceased), former Mayor Daniel Bianchi, former City Solicitor Kathleen G. Alexander, the Pittsfield Police Department ("PPD"), PPD Chief Michael J. Wynn, PPD Firearms Administrator Susan Wheeler, PPD Captain Michael Grady, PPD Detective Andrew Couture, City of Pittsfield Finance Director and Treasurer Matthew M. Kerwood, former Personnel Director John M. DeAngelo, the Pittsfield Retirement Board, and the Pittsfield Retirement Board Administrator Karen L. Lancto. The amended complaint names the individual defendants in their official and individual capacities.

1

reasons set forth below, the undersigned recommends that the court DENY Plaintiff's Rule 12(c) Motion.

II.     Procedural History

Plaintiff filed his complaint on September 6, 2018, alleging harassment, retaliation, and discrimination spanning almost two decades and asserting federal and state-law claims against the defendants.  The defendants filed motions to dismiss Plaintiff's initial complaint (Dkt. Nos. 20, 40, 63, 71, 88, 96).  On January 18, 2019, Plaintiff filed a supplemental complaint naming the same defendants (Dkt. No. 114).  With leave of court (Dkt. No. 130), the defendants filed comprehensive motions to dismiss addressing the initial and the supplemental complaints (Dkt. Nos. 118, 137, 139, 142).  On February 27, 2019, Plaintiff filed a motion for leave to further amend his complaint (Dkt. No. 136), which was granted on April 2, 2019 in an order which also found as moot the defendants' pending motions to dismiss (Dkt. No. 152).  Plaintiff filed his amended complaint on April 8, 2019 (Dkt. No. 158).  Thereafter, the defendants filed motions to dismiss Plaintiff's amended complaint (Dkt. Nos. 162, 163, 171, 173, 217).  On September 17, 2019, Plaintiff filed his motion for judgment on the pleadings (Dkt. No. 276).  As of the date of this Report and Recommendation, the undersigned's recommendations that the defendants' motions to dismiss all claims in the amended complaint be granted are pending before the presiding District Judge (Dkt. Nos. 367, 368, 371, 376, 407).

III.    Analysis

1. The case is not ripe for a motion for judgment on the pleadings.

Fed. R. Civ. P. 7 sets forth a list of permissible pleadings in a federal case to include a complaint; an answer to the complaint; an answer to a counterclaim; an answer to a crossclaim; a third party complaint; an answer to a third party complaint; and, if the court orders one, a reply to

an answer. *See* Fed. R. Civ. P. 7(a)(1)-(7). Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole." *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54–55 (1st Cir. 2006) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed. 2004) (hereinafter "Wright & Miller"). "A party may move under Rule 12(c) once the defendant has filed his answer." *Rezende v. Ocwen Loan Servicing, LLC*, 869 F.3d 40, 42 n.3 (1st Cir. 2017) (citing *McGuigan v. Conte*, 629 F. Supp. 2d 76, 80 (D. Mass. 2009)); *see also* 5C Wright & Miller § 1369 ("In a proceeding under Rule 12(c), however, the pleadings must be closed before a party can move for judgment on the pleadings."). "'The pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed.'" *McGuigan*, 629 F. Supp. 2d at 80 (quoting *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005)). All of the defendants responded to Plaintiff's amended complaint by filing Rule 12(b)(6) motions to dismiss for failure to state a claim. Where none of the defendants has filed an answer to the amended complaint, the pleadings have not closed, and the matter is not ripe for the filing of a Rule 9(c) motion for judgment on the pleadings. For this reason, the court recommends that Plaintiff's Rule 12(c) Motion be denied.

    2. Plaintiff has not shown that he is entitled to judgment.

"A motion for judgment on the pleadings … theoretically is directed towards a determination of the substantive merits of the controversy; thus, federal courts are unwilling to grant a judgment under Rule 12(c) unless it is clear that the merits of the controversy can be fairly and fully decided in this summary manner." 5C Wright & Miller § 1369. This is not a case in which the court can decide in a summary manner that the claims in Plaintiff's amended

complaint unequivocally entitle him to relief as a matter of law.  Indeed, the undersigned has recommended that Plaintiff's federal-law claims be dismissed with prejudice and that the court decline to exercise supplemental jurisdiction over his state-law claims.  If Plaintiff's objections to the recommendations for dismissal are successful, there will nonetheless remain disputes of fact and law that are not amenable to resolution in a summary manner because "'elusive concepts such as motive or intent are at issue'" in Plaintiff's claims of conspiracy, retaliation, and discrimination.  *Feliciano de la Cruz v. El Conquistador Resort and Country Club*, 218 F.3d 1, 5 (1st Cir. 2000) (quoting *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1990)).

    IV.    <u>Conclusion</u>

For the foregoing reasons, the undersigned recommends that Plaintiff's Rule 12(c) Motion be DENIED.[2]

Dated: July 8, 2020

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

---

[2] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of service of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.