UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER J. POWELL,           ) | |
|     Plaintiff,           ) | Civil Action No. 18-30146-MGM |
|                ) | |
| v.           ) | |
|                ) | |
| CITY OF PITTSFIELD, *et al.*,           ) | |
|     Defendants.           ) | |

REPORT AND RECOMMENDATION CONCERNING PLAINTIFF'S SEPTEMBER AND OCTOBER 2019 MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT AND EMERGENCY MOTION FOR PROTECTIVE ORDER
(Dkt. Nos. 294, 322, 329)

1. Introduction

With leave of court, Plaintiff Walter J. Powell ("Plaintiff") filed an amended complaint on April 8, 2019 (Dkt. No. 158). In granting Plaintiff leave to file an amended complaint, which was intended to supersede his original and his supplemental complaint, the presiding District Court Judge took note of the "protracted and serial filings at the motion to dismiss stage" and ruled that Plaintiff "should not expect further amendments in the absence of good cause" (Dkt. No. 152). After the defendants[1] filed motions pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the amended complaint, on September 30, 2019 and on October 15, 2019, Plaintiff filed additional motions for leave to file an amended complaint (Dkt. Nos. 294, 322). The defendants have filed

---

[1] The defendants named in the amended complaint are the City of Pittsfield, Mayor Linda M. Tyer, Richard M. Dohoney, a city solicitor, former Mayor Edward M. Reilly (deceased), former Mayor Daniel Bianchi, former City Solicitor Kathleen G. Alexander, the Pittsfield Police Department ("PPD"), PPD Chief Michael J. Wynn, PPD Firearms Administrator Susan Wheeler, PPD Captain Michael Grady, PPD Detective Andrew Couture, City of Pittsfield Finance Director and Treasurer Matthew M. Kerwood, former Personnel Director John M. DeAngelo, the Pittsfield Retirement Board ("PRB"), and the Pittsfield Retirement Board Administrator Karen L. Lancto. The amended complaint names the individual defendants in their official and individual capacities.

oppositions to these motions, arguing, among other things, that the proposed amendments are futile (Dkt. Nos. 309, 310, 317, 332, 334). For the reasons that follow, the undersigned recommends that the court DENY Plaintiff's September 30, 2019 Motion for Leave to File Amended Complaint ("Plaintiff's September 2019 Motion") (Dkt. No. 294), Plaintiff's October 15, 2019 Motion for Leave to File Amended Complaint ("Plaintiff's October 2019 Motion") (Dkt. No. 322), and Plaintiff's Emergency Motion for Protective Order (Dkt. No. 329).

II. Procedural History

Plaintiff initiated this lawsuit on September 6, 2018, alleging harassment, retaliation, and discrimination spanning almost two decades and asserting federal and state-law claims against the defendants. The defendants filed motions to dismiss Plaintiff's initial complaint (Dkt. Nos. 20, 40, 63, 71, 88, 96). On January 18, 2019, Plaintiff filed a supplemental complaint naming the same defendants (Dkt. No. 114). With leave of court (Dkt. No. 130), the defendants filed comprehensive motions to dismiss addressing the initial and the supplemental complaints (Dkt. Nos. 137, 139, 142). On February 27, 2019, Plaintiff filed a motion for leave to further amend his complaint (Dkt. No. 136), which was granted on April 2, 2019 in an order which also found as moot the defendants' pending motions to dismiss (Dkt. No. 152). Plaintiff filed his amended complaint on April 8, 2019 (Dkt. No. 158). Thereafter, the defendants filed motions to dismiss Plaintiff's amended complaint (Dkt. Nos. 162, 163, 171, 173, 217). On September 17, 2019, Plaintiff filed his motion for judgment on the pleadings (Dkt. No. 276). As is set forth above, Plaintiff filed additional motions for leave to file amended complaints on September 30 and October 15, 2019. Although not so captioned, Plaintiff seeks to supplement the existing operative complaint with allegations about events a majority of which occurred after February 27, 2019, the date on which Plaintiff filed his motion for leave to file an amended complaint

(Dkt. No. 136). The presiding District Judge referred Plaintiff's September and October 2019 motions for leave to supplement his amended complaint and his emergency motion for injunctive relief to the undersigned for report and recommendation (Dkt. Nos. 277, 301, 339). *See* 28 U.S.C. § 636(b)(1)(B).

As of the date of this Report and Recommendation, the undersigned's recommendations that the defendants' Rule 12(b)(6) motions to dismiss the amended complaint be granted are pending before the presiding District Judge (Dkt. Nos. 367, 368, 371, 376, 407).

    III.    Applicable Legal Principles

Although Plaintiff did not invoke Fed. R. Civ. P. 15(d), the rule is applicable to Plaintiff's September 2019 Motion and Plaintiff's October 2019 Motion. Rule 15(d) provides, in pertinent part, that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d) is intended promote "'as complete as adjudication of the dispute between the parties as is possible.'" *United States ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 4 (1st Cir. 2015) (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1504, at 245 (3d ed. 2010); citing *LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986)). The First Circuit observed in *Gadbois* that "although causes of action accruing after the institution of a lawsuit usually can be filed as separate actions, supplementation under Rule 15(d) is often a more efficient mechanism for litigating such claims." *Id.* (citing *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1186-87 (10th Cir. 2015)).

A district court considering a Rule 15(d) motion has substantial discretion in ruling on the request. "Rule 15(d) contains no standards at all to guide the district court's analysis; it merely

authorizes the district court to permit service of a supplemental pleading 'on just terms.'" *Id.* at 7. While "courts customarily have treated requests to supplement under Rule 15(d) liberally … motions for supplementation should [not] be granted automatically." *Id.* at 7 (citing *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874-75 (9th Cir. 2010); *Walker v. United States Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001)). Leave to supplement may be withheld when, for example, the request would unduly delay resolution of the case or would be futile. *See id.* (citing cases). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Abernathy v. Dewey*, 277 F. Supp. 3d 129, 137 (D. Mass. 2017) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). With these principles in mind, the court turns to the motions to supplement filed by Plaintiff in September and October 2019.

IV. Analysis

As a general matter, Plaintiff's frequently voiced objections to the numerous motions to dismiss filed by the defendants (e.g., Dkt. No. 181) suggest that he does not appreciate that each time he was granted leave to file an amended or supplemental complaint, the defendants were entitled to respond by filing either a motion to dismiss or an answer to the amended complaint or to the supplemental matters he pled. *See* Fed. R. Civ. P. 15(a)(3); (d). Granting Plaintiff's motions to supplement would add new defendants who would be entitled to service and all defendants would be entitled to an opportunity to respond to the operative complaint as supplemented. "[D]ue to the apparent futility of the [proposed supplementation] … and the undue delay that would be caused by" further postponing the court's resolution of the defendants' repeatedly filed motions to dismiss, *Gonzalez-Santos v. Torres-Maldonado*, 276

4

F.R.D. 412, 414 (D.P.R. 2011), the undersigned recommends that Plaintiff's September 2019 Motion and Plaintiff's October 2019 Motion be denied.

    1.   Plaintiff's September 2019 Motion

In the proposed amended complaint submitted with Plaintiff's September 2019 Motion, he seeks to add as defendants Timothy Hannigan, Timothy Bartini, and William Flynn, who are members of the PRB, Michael Sacco and Jeffrey Trapani, attorneys with appearances in this case, and John W. Parson, Executive Director of the Public Employee Retirement Administration Commission (Dkt. No. 294-1 at 2-3). Plaintiff alleges that these defendants conspired to retaliate against him by recouping $1,940 from his pension checks on the grounds that he worked over 960 hours in calendar year 2018 in violation of Mass. Gen. Laws ch. 32 § 91(b) (Dkt. No. 294-1 at 2-3, ¶¶ 111-16; 135-37). He alleges that Mr. Parsons, Executive Director of the Public Employee Retirement Administration Commission "has attempted to ignore [Plaintiff's] correspondence and has [thereby] gotten himself involved (Dkt. No. 294 at 6-7).

It would be futile to permit Plaintiff to add these claims to the operative complaint. First, because "there is no individual employee liability under Title VII," *Fantini v. Salem State Coll.*, 557 F.3d 22, 31 (1st Cir. 2009), Plaintiff cannot bring claims under Title VII against the newly identified individuals whom he seeks to add as defendants. If Plaintiff's claims are viewed as being asserted under 42 U.S.C. § 1983 or § 1985, Plaintiff's allegations against the members of the PRB, attorney Michael Sacco, who wrote a letter to Plaintiff on behalf of the PRB, and the Executive Director of the Public Employee Retirement Administration Commission suffer from the deficiencies addressed in this court's February 27, 2020 Report and Recommendation recommending dismissal of Plaintiff's claims asserted against the PRB Defendants in the amended complaint (Dkt. No. 367). Plaintiff complains that members of the PRB approved

deductions from his paycheck for retaliatory reasons even though he did not exceed the statutory limit on the hours he was permitted to work and that Mr. Sacco wrote the letter informing Plaintiff of the PRB's intended action (Dkt. No. 294 at 6).  This court recommended dismissal on qualified immunity grounds of Plaintiff's federal-law claims against the individual PRB Defendants insofar as the claims were based on actions taken by the PRB based on the provisions of Mass. Gen. Laws ch. 32 § 91(b) because Plaintiff alleged nothing more than that the PRB Defendants took actions they could reasonably believe were required or permitted by state law, albeit actions with which Plaintiff vociferously disagreed (Dkt. No. 367 at 23).  The new and existing defendants could reasonably believe that the actions they have taken in connection with the Plaintiff's earnings from public employment above and beyond his pension or retirement allowance are consistent with their authority pursuant to Massachusetts law, no matter how strenuously Plaintiff disagrees with them.  *See Pike v. Melrose Ret. Bd.*, 2008 WL 7557373 (Ma. DALA Apr. 14, 2008).  Second, Plaintiff alleges that the reductions to his pension payments were retaliatory (Dkt. No. 291-1, ¶¶ 135-37) but he has not adequately alleged that he was treated differently that others because he engaged in protected activity.  While Plaintiff has alleged that PRB members took steps to recoup excess earnings from him, he has not alleged that members of the PRB singled him out for such treatment.  A fundamental shortcoming is that the Complaint, as supplemented, does not "support a fact-based inference" that the actions of the individuals Plaintiff seeks to add as defendants and who are members of the Pittsfield Retirement Board were other than routine actions undertaken by city officials in the exercise of their responsibilities.  *See Campagna v. Mass. Dep't of Envtl. Prot.*, 334 F.3d 150, 155 (1st Cir. 2003) (quoting *Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 16 (1st Cir. 1989) (affirming dismissal of the plaintiff's First Amendment retaliation claim for failure to state a claim because

a court does not credit "'bald assertions, unsupportable conclusions, and opprobrious epithets'" as adequately pleading that the adverse action taken against the plaintiff was undertaken with a retaliatory motive); *see also Air Sunshine, Inc. v. Carl*, 663 F.3d 27, 36 (1st Cir. 2011) (dismissing the complaint where it "provide[d] no factual basis plausibly to infer that [the defendant's] later actions were motivated by" a conversation in which the plaintiffs were critical of the defendant's colleague and friend).  Plaintiff has failed to allege facts that "bridge the gap" between his prior petitioning conduct and these new defendants' allegedly retaliatory actions. *Campagna*, 334 F.3d at 156.

For his part, Mr. Parsons is not alleged to have done anything.  Liability cannot rest wholly on the supervisor's authority, nor is it sufficient to allege negligence.  *See Penate v. Hanchett*, 944 F.3d 358, 367 (1st Cir. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 581 (1st Cir. 1994)).  "[L]iability for supervisors is only triggered under § 1983 if 'a plaintiff can establish that his or her constitutional injury resulted from the direct acts or omissions of the official, or from indirect conduct that amounts to condonation or tacit authorization.'"  *Id.* (quoting *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 47 (1st Cir. 2012)).

Finally, proposed defendant Jeffrey Trapani, attorney of record for the Municipal Defendants in this action, is alleged to have intentionally submitted fabricated and bogus documents to the federal district court and appeared at the Massachusetts Commission Against Discrimination on behalf of PPD Chief Wynn (Dkt. No. 294-1 at 2, ¶ 95).  "The litigation privilege 'shields an attorney from civil liability to nonclients for statements made in the course of litigation,'" *Hayes v. Mirick*, 378 F. Supp. 3d 109, 114 (D. Mass. 2019) (quoting *Bartle v. Berry*, 953 N.E.2d 243, 249 (Mass. App. Ct. 2011)), and applies when liability is premised on

"statements made in connection with the initiation and prosecution of a lawsuit." *Encompass Ins. Co. of Ma. v. Giampa*, 522 F. Supp. 2d 300, 308 (D. Mass. 2007). So far as stated in the amended complaint, Plaintiff's claims against Mr. Trapani are based entirely on his written and oral statements made in the course of his representation of the Municipal Defendants in cases brought by Plaintiff at the Massachusetts Commission Against Discrimination and in this court. The litigation privilege bars these claims. *See, e.g., Encompass Ins. Co. of Ma.*, 522 F. Supp. at 308-09.

Plaintiff's general allegations that the original PRB Defendants and the newly named defendants were part of a conspiracy to deprive Plaintiff of federally protected rights are insufficient to state a claim for the violation of a clearly established right. *See Franza v. Stanford*, No. 18-CV-10892 (KMK), 2019 WL 6729258, at *7-8 (S.D.N.Y. Dec. 11, 2019). Because the allegations against the existing and proposed additional defendants who are members of the PRB, attorney Michael Sacco, attorney Jeffrey Trapani, and the Executive Director of the Public Employee Retirement Administration Commission fail to state a claim for which relief can be granted, Plaintiff's proposed amendments to his complaint would be futile. *See Strahan v. AT&T Mobility LLC*, 270 F. Supp. 3d 535, 544 (D. Mass. 2017) (denying motion to amend as futile because it would fail to state a claim on which relief can be granted).

2. Plaintiff's October 2019 Motion

On or around September 24, 2019, Plaintiff caused subpoenas to be served on Martin Streit, Julie David, and Sergeant James Roccabruna, directing them to appear and testify at this court's hearing on defendants' motions to dismiss. Plaintiff alleges that PPD chief Wynn withheld the subpoenas from these individuals and that Mr. Trapani wrote to Plaintiff to inform him that Mr. Trapani was going to instruct the individuals not to appear at the hearing (Dkt. No.

322-1, ¶¶ 120-23).  Contending that this conduct was an unlawful attempt to pervert the course of justice, Plaintiff claims that these actions were further retaliation in violation of Title VII and seeks to amend his complaint on this basis (Dkt. No. 322-1, ¶¶ 151-52).  The court recommends that Plaintiff's October 2019 Motion be denied.  This court granted the Municipal Defendants' emergency motion for a protective order barring Plaintiff from compelling the attendance of persons he had purported to subpoena as witnesses at the hearing on the motion to dismiss (Dkt. Nos. 324, 327).  PPD Chief Wynn and Mr. Trapani were fully justified in instructing the witnesses not to appear because, with exceptions not applicable here, a court cannot consider information outside of the complaint when ruling on a motion to dismiss (Dkt. No. 327) (citing *Kando v. R.I. State Bd. of Elections*, 880 F.3d 53, 58 (1st Cir. 2018); *Freeman v. Town of Hudson*, 714 F.3d 29, 35 (1st Cir. 2013); *Alharbi v. Beck*, 62 F. Supp. 3d 202, 205 (D. Mass. 2014)).  PPD Chief Wynn and Mr. Trapani were justified in taking steps to ensure that the purported witnesses did not travel unnecessarily from Pittsfield to Springfield when there was no prospect that any of them would have been permitted to testify.  It would be wholly futile to grant Plaintiff leave to amend his pleading based on the allegations detailed in Plaintiff's October 2019 Motion.  The court recommends that this motion be summarily denied.

      3.   Plaintiff's Emergency Motion for Protective Order

By Plaintiff's Emergency Motion for Protective Order, he apparently seeks a general order from the court to put an end to what he views as harassment and retaliation by the defendants based on the events that underlie Plaintiff's September and October motions for leave to amend his complaint (Dkt. No. 329 at 2-3).  According to Plaintiff, the presiding District Judge denied this request at a December 19, 2018 hearing (Dkt. No. 329 at 2).  A party seeking emergency injunctive relief "bears the burden of showing that the circumstances of the case

9

justify the exercise of the court's discretion." *Respect Me. PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010). A court considering such a request should consider four factors, of which the first two "are the most critical." *Id.* First, a plaintiff must show a strong likelihood of success on the merits, and, second, the plaintiff must demonstrate that irreparable injury will result if the injunction is not entered.

For the reasons set forth herein, Plaintiff has not demonstrated a likelihood of success on the merits of his claims. Nor has he carried his burden with respect to irreparable harm. When, as in this case, "economic damages are the injury relied upon, it is to be remembered that economic harm, in and of itself, is not sufficient to constitute irreparable injury." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop*, 839 F. Supp. 68, 70 (D. Me. 1993). It is apparent from a review of the amended complaint that, while Plaintiff alleges that the actions about which he complains are motivated by racism and a desire to retaliate, the relief he seeks is financial (Dkt. No. 158 at 56-64). If Plaintiff were to ultimately prevail on any claims he has asserted in this lawsuit, he could be compensated economically for his alleged injuries. "[A]n 'injunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case.'" *Id.* (quoting *Plain Dealer Publ'g Co. v. Cleveland Typographical Union No. 53*, 520 F.2d 1220, 1230 (6th Cir. 1975), *cert. denied*, 428 U.S. 909 (1977)). In the undersigned's view, this is not such a clear and plain case. For the foregoing reasons, I recommend that Plaintiff's Emergency Motion for Protective Order be denied.

V.     Conclusion

For the foregoing reasons, the undersigned recommends that Plaintiff's September 2019 Motion (Dkt. No. 294), Plaintiff's October 2019 Motion (Dkt. No. 322), and Plaintiff's Emergency Motion for Protective Order (Dkt. No. 329) be DENIED.[2]

Dated:  July 17, 2020                               /s/ Katherine A. Robertson
                                                    KATHERINE A. ROBERTSON
                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of service of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.